CHARLES JACKSON HARPER v. ELBERT L. PETERS, JR., COMMISSIONER OF NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 788SC891

(Filed 19 June 1979)

**Arrest and Bail § 3.8; Automobiles § 2.4— reasonable grounds to arrest for drunk driving—refusal to take breathalyzer test—revocation of license**

 The trial court erred in failing to conclude that an arresting officer had reasonable grounds to believe that petitioner had operated a motor vehicle upon a public highway in this State while under the influence of intoxicating liquor where the court found that the officer first observed petitioner seated behind the wheel of a truck parked on the shoulder of the highway; petitioner admitted driving the truck when questioned by the officer; the officer detected an odor of alcohol about the person of petitioner and requested him to submit to four performance tests; and petitioner performed the tests in a wobbly manner and failed to touch his nose when performing finger to nose tests. Therefore, petitioner's driver's license was properly revoked for his refusal to submit to a breathalyzer test after his arrest.

APPEAL by respondent from *Strickland, Judge.* Judgment entered 20 July 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 1 June 1979.

Upon receipt of affidavits from the arresting officer and the breathalyzer operator that petitioner had willfully refused to submit to a chemical test on 2 October 1977, his driving privileges were revoked by respondent for a period of six months. Petitioner requested and received an administrative hearing. The results were unfavorable to him. Petitioner sought judicial review. A hearing was held, and the trial court reversed the revocation order of respondent, from which respondent appealed.

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill, for the State appellant.*

*Barnes, Braswell & Haithcock, by Michael A. Ellis, for petitioner appellee.*

ERWIN, Judge.

This case on appeal presents one question for our determination:

> "Did the trial court err in concluding that the arresting officer did not have reasonable grounds to believe that the petitioner had been operating a motor vehicle upon the public highways while under the influence of intoxicating liquor and that, as a result thereof, the order of the respondent complained of is not justified in fact and in law?"

We answer, "Yes," and vacate the judgment entered by the trial court.

G.S. 20-16.2(a) provides in part:

> "(a) Any person who drives or operates a motor vehicle upon any highway or any public vehicular area shall be deemed to have given consent, subject to the provisions of G.S. 20-139.1, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or operating a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the request of a law-enforcement officer having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor. The law-enforcement officer shall designate which of the aforesaid tests shall be administered."

Petitioner contends that the arresting officer did not have reasonable grounds to believe that he had been operating a motor vehicle upon a public highway; therefore, the judgment entered by the trial court was proper.

The trial court found the following facts:

"2. That the arresting officer, Trooper Bass, was called to the scene of a disturbance and first observed the petitioner seated behind the wheel of a parked truck. The truck was parked on the paved portion of the highway about a foot from the white right side line.

3. That the petitioner admitted driving the truck when questioned by Trooper Bass, but Trooper Bass did not stop the motor vehicle which was already on the shoulder of the road when Trooper Bass arrived.

4. That Trooper Bass detected an odor of alcohol about the person of the petitioner and requested him to submit to four performance tests which he performed in a wobbly manner and touched his top lip on finger to nose test with right finger and missed with his left finger.

5. The petitioner was forthwith taken before Trooper John D. Booth of the North Carolina State Highway Patrol. Trooper Booth was duly licensed and authorized to administer a chemical test of breath on October 2, 1977.

6. In the presence of Trooper Booth, the petitioner was requested by Trooper Bass, the arresting officer, to submit to a chemical test of breath.

7. That Trooper Booth, being duly authorized to administer a chemical test of breath, informed the petitioner verbally and in writing, furnishing a signed document setting out all the petitioner's rights under the provisions of GS 20-16.2(a).

8. The petitioner advised that he did not want to take the test and refused to submit to such test telling Trooper Booth that he had not done anything wrong."

G.S. 20-4.01(25) provides: "Operator.—A person in actual physical control of a vehicle which is in motion or which has the engine running."

In *State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971), Justice Sharp (now Chief Justice), speaking for the Supreme Court, stated:

"Probable cause and 'reasonable ground to believe' are substantially equivalent terms. 'Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. . . . To establish probable cause the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith. . . .' "

*See State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973).

The court's findings of fact require a different conclusion of law and order than the one entered by it. The trial court should have concluded that the arresting officer had reasonable grounds to believe that petitioner had operated the motor vehicle in question on a public highway in this State while under the influence of intoxicating liquor.

Our Supreme Court stated the following in *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 235, 182 S.E. 2d 553, 559, *reh. denied*, 279 N.C. 397, 183 S.E. 2d 241 (1971):

"[A] license to operate a motor vehicle is not a natural or unrestricted right, nor is it a contract or property right in the constitutional sense. It is a conditional privilege, and the General Assembly has full authority to prescribe the conditions upon which licenses may be issued and revoked."

The judgment entered by the trial court is vacated, and the case is remanded for the trial court to reinstate respondent's order of revocation and to vacate all restraining or stay orders issued.

Judges MARTIN (Robert M.) and ARNOLD concur.